THE MANES COMPANY *vs.* HENRY GLASS.

MARCH 8, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

(1)  *Contract Based on Immoral Consideration.   Question for Jury.*

In an action for the purchase price of articles alleged by defendant to have been immoral objects, where the articles introduced in evidence bear unmistakable proof of their obscene and indecent character, the court is justified in refusing to submit the question as to their indecency to the jury as one of fact.

(2)  *Contracts.   Immoral Articles.*

A contract for the sale of goods which are obscene, indecent or manifestly tend to the corruption of the morals of youth, is unenforcible as a violation of Gen. Laws, 1909, cap. 347, § 13.

ASSUMPSIT.   Heard on exceptions of plaintiff and overruled.

VINCENT, J. This is an action of assumpsit to recover the purchase price of certain merchandise sold and delivered by the plaintiff to the defendant. The suit was brought in the District Court of the Sixth Judicial District, where a decision was rendered for the defendant. It was later tried in the Superior Court upon the plaintiff's claim for a jury trial and the plaintiff was nonsuited and it is now before us upon the plaintiff's bill of exceptions. The plaintiff relies solely upon its exception to the ruling of the court granting a nonsuit.

It appears from the testimony that one Harry H. Goldshine, under the name of "The Manes Company," was

engaged in the business of making and selling "toy novelties" and that from time to time he disposed of certain of his products to the defendant, the purchase price of which amounted to the sum of $151.61. These novelties were variously designated as "Bear Charms" or "Movie Bears," "Bull Charms" or "Movie Bulls," "Modern Dances," and the "Naked Truth." Samples of these devices were introduced in evidence and form a part of the record now before us. They are capable of being operated and thus producing effects which would not be apparent so long as they remained in a state of repose. That they are designed and intended to be operated and that such operation would be within the comprehension of children is obvious from a mere casual inspection of the articles. We do not feel warranted in particularly describing the effects which may be produced by the manipulation of these so-called "novelties." To do so would only serve to extend the knowledge of and give permanency to obscene and indecent devices. The exhibits are as we have said, a part of the record in the case and will be subject to the examination of those who may need to inspect them.

(1)    The plaintiff at the trial in the Superior Court offered testimony showing the sale of the goods in question to the defendant, the price thereof and the failure of the defendant to pay therefor. At the conclusion of the testimony for the plaintiff the defendant moved for a nonsuit on the ground that the articles in question were immoral objects and were sold for an immoral purpose. The motion for a nonsuit was granted.

The plaintiff now contends that such ruling by the trial court was improper and that the question as to whether these objects were obscene and immoral was a question of fact which the trial court should have submitted to the consideration of the jury.

In support of this contention the plaintiff cites two cases: *Holcombe* v. *The State*, 5 Ga. App. 47 and *Commonwealth* v. *Buckley*, 200 Mass. 346. In the *Holcombe* case the defendant was indicted under the penal code which provides that any person using obscene, vulgar or profane language in the

presence of a female shall be guilty of a misdemeanor. A
demurrer to the indictment was overruled. The defendant
was convicted and his motion for a new trial was denied.
The trial court, in its charge to the jury, did not submit to
them the question as to whether the language used was
obscene and vulgar but charged them that if they found
that the language in question was used by the defendant,
in the presence of females, without provocation, they should
find the defendant guilty. The appellate court found no
error in this charge and in its opinion said, first quoting
from *Dillard* v. *State*, 41 Ga. 278, " 'Words get their point
and meaning almost entirely from the time, place, circum-
stances, and intent with which they are used,' and, there-
fore, usually it is issuable, and consequently a question of
fact for the jury, as to whether the particular language is
actually obscene and vulgar. Certain suggestions are com-
monly known to be indecent; certain words are *per se*
obscene and vulgar, if used under any but peculiar and
exceptional circumstances. . . . But where the lan-
guage is gross and *prima facie* indecent, and such that
common consent condemns it as unfit, by reason of its
obscenity, to be used in the presence of women,—that is, if
it is so universally recognized to be obscene and vulgar that
the court can assume its *prima facie* obscenity and vulgarity,
through judicial cognizance as a matter of common knowl-
edge,—and the conceded time, place, circumstances, and
intent are such as to show no reason making, or tending to
make, its use on the particular occasion less obscene and
vulgar than it normally would be, there is no issue as to the
obscene and vulgar quality, to be submitted to the jury.
There is no conflict between this principle and those cases
holding that whether particular language is opprobrious and
likely to cause a breach of the peace is for the jury; be-
cause what effect particular language will have upon a
person under particular, or even ordinary, circumstances, is
almost always, if not always, an issuable question, and, in
the nature of things, cannot well become a matter of com-

mon knowledge, so as to be judicially assumed." This case seems to support the position taken by the defendant in the case at bar rather than that of the plaintiff.

In *Commonwealth* v. *Buckley, supra,* an indictment was found against the defendant charging him with selling a certain printed book entitled "Three Weeks," containing in and upon certain pages certain obscene, indecent and impure language, manifestly tending to corrupt the morals of youth. Under the charge of the trial court the case was submitted to the jury "to determine from the language used, and from such other parts as are necessary to explain that language, whether that is obscene and impure, and whether it manifestly tends to the corruption of youth." The words employed in those parts of the book complained of were not in themselves obscene and indecent. The real question left to the determination of the jury was whether certain passages in the book, taken in connection with other portions which might be explanatory thereof, were in phrase or narration so plainly suggestive of impure things as to manifestly tend to the corruption of youth. The question for determination was the effect of the language and not whether the language itself was obscene and indecent.

We think this case is materially different from the case at bar and is not forceful in supporting the plaintiff's contention that the question as to the indecency and obscenity of the articles sold by him should be submitted to the jury as a question of fact.

We think that the ruling of the trial court granting a nonsuit was correct. Our statute, General Laws of Rhode Island, Chapter 347, Section 13, makes it unlawful for any person to sell anything that may be obscene, indecent or manifestly tends to the corruption of the morals of youth. Samples of the articles introduced in evidence at the trial bear unmistakable proof of their obscene and indecent character which fully justified the court in its refusal to submit that question to the consideration of the jury. We do not need to cite authorities to the effect that a contract based

upon a violation of the statute referred to cannot be enforced in a court of law.

The plaintiff's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment for the defendant on the nonsuit.

*Maurice Robinson, Charles M. Robinson*, for plaintiff.

*Irving Champlin, Bellin & Bellin, John F. Harlow, Jr.,* for defendant.